**Mateo Reyes SOTERO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, and United States Citizenship & Immigration Services, Respondents.**

**No. 05–4658–AG.**

United States Court of Appeals, Second Circuit.

May 24, 2006.

Mario DeMarco, Port Chester, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Robin E. Feder, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Sotero Mateo Reyes, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Matthew D'Angelo's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues a brief opinion that primarily affirms and adopts the IJ's findings, this Court reviews the IJ's decision directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review *de novo* questions of law and the application of law to undisputed fact. *Id.* at 307. However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, a reasonable fact-finder would not be compelled to conclude that the guerillas tried to recruit petitioner on account of his political opinion or his religion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "Persecution on account of ... political opinion" focuses on the victim's political opinion, not the persecutor's, and there was no indication in petitioner's testimony that he had a political opinion of which the guerillas were aware, or that they imputed any particular opinion to him. *See id.* at 482. Likewise, there was insufficient detail in his testimony to indicate that the guerillas targeted him on

account of his Catholic religion. Although they threatened him and his friends when they were in a church, nothing in petitioner's testimony or background materials indicated that the guerillas in Guatemala targeted Catholics specifically. Therefore, petitioner failed to establish a nexus between the guerillas' recruitment attempts and a protected ground.

Because he failed to establish past persecution, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, nearly 20 years had passed since the incidents he described, and the background evidence in the record contradicted his claim that the guerillas would still be looking for him. It was appropriate for the IJ to take judicial notice of the 1996 peace accords, officially ending the civil war in Guatemala, and the background materials in the record did not suggest that guerillas have been a major force in Guatemala in recent years. The background materials also do not suggest that Catholics, who constitute the majority religion in Guatemala, are targeted for any particular harm. Particularly when his family, some members of which are also Catholic, remain in Guatemala unharmed, a reasonable fact-finder would not be compelled to find that petitioner demonstrated a well-founded fear, or a clear probability, of persecution. *See Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. 812. Finally, he waived the CAT claim by failing to raise it before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).